## SUPREME COURT.

MIRON B. HILL and THOMAS H. ROBBINS agt. ENGLEHERT LOTT AND TWO OTHERS.

A *sheriff* is liable to *arrest,* the same as an ordinary person. The Code has not changed the rule as it existed prior to its passage. Therefore, a sheriff is liable to arrest in an action for damages for taking personal property, where he levies and takes possession by virtue of an execution.

*Kings Special Term, October,* 1854.—The defendants are the sheriff and two of his deputies of the county of Kings, who

.have been held to bail in an action for damages for taking per · sonal property. A motion is now made to vacate the order, on the ground that a sheriff is not liable to arrest. The affidavits on the part of the defendants show that the property was taken by virtue of three several executions against the property of Benjamin T. Robbins. The plaintiffs, by their affidavits, claim that the title is in themselves.

· MR. LANSING, *for plaintiffs.*

P. S. CROOKE, *for defendants.*

DEAN, Justice. The issue between the parties on the trial will be as to the title, whether it was in B. T. Robbins or the plaintiffs. But this cannot be tried here. For the purposes of this motion I take it for granted that the sheriff levied on the property while in the manual possession of the defendant in the execution, but that the plaintiffs claim the actual possession and title. The distinct question arises, whether a sheriff is liable to arrest the same as an ordinary person. On this subject I entertain no doubt. It was so held distinctly in the case of Day & Whittlesey agt. Brett. (6 *John. R.* 22.) See opinion of KENT, J.

The revised statutes, page 442, have provided in what manner and place the sheriff shall be imprisoned in cases where he is liable to arrest and is in the custody of the coroner. The Code has not changed the rule.

But as the affidavits show that the defendants are entirely responsible, permanent residents of the county of Kings, and that the property was taken *virtute officii,* and the bail is now three times the value of the property, the order to hold to bail should be modified, reducing the amount to $1,000, with $10 costs, to abide the event of the action.